IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT LEE BUFFINGTON,

                    Plaintiff,

          v.                              CASE NO. 09-3285-SAC

ROBERT J. FLEMING, et al.,

                    Defendants.


O R D E R

    This matter is before the court on a complaint filed pro se by
a prisoner incarcerated in a correctional mental health facility in
Kansas.  Also before the court is plaintiff's motion for leave to
proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment
of the $350.00 district court filing fee.

*In Forma Pauperis - 28 U.S.C. § 1915*

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
district court filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligation,[1] the court grants plaintiff

---

[1] *See* <u>Buffington v. Smith</u>, Case No. 05-3159-SAC (remainder of
$250.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint - 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff's allegations in this action are sparse at best. He asserts a state district court judge "used an unlawful interception of a wire," and "Jason Miller unlawfully used a wire June 10, 2000, and the judge went along with it." These allegations appear related to plaintiff's state criminal proceeding in which plaintiff entered no contest pleas to charges of solicitation to first-degree murder and criminal possession of a firearm by a felon in July 2000. The two defendants named in this action are the state district court judge, and the person who reported plaintiff to the police and wore a wire to record his next meeting with plaintiff. Plaintiff now seeks damages for his confinement which plaintiff implies is unlawful.

However, it is well established that a state prisoner's § 1983 action is barred if success in that action would necessarily demonstrate the invalidity of his confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, absent a showing that plaintiff's

state conviction on the 2000 charges has been overturned or otherwise invalidated, plaintiff's complaint is subject to being summarily dismissed as stating no claim for relief.

Plaintiff is further advised that even if he were able to make such a showing, this action would still be subject to being summarily dismissed because both defendants have immunity from plaintiff's claim for damages. 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A(b)(2). *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judicial immunity); Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994)(witness immunity).

*Habeas Corpus - 28 U.S.C. § 2254*

To the extent plaintiff also requests his release and expungement of his criminal record, these requests sound in habeas corpus where relief must be pursued in a petition filed under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). Court records reflect that petitioner previously filed such an action related to his conviction on the 2000 charges, which this court denied. *See* Buffington v. Rholing, Case No. 05-3310-SAC, petition denied (D.Kan. August 29, 2008), appeal dismissed (10th Cir. November 26, 2008). Any attempt to proceed on a second or successive § 2254 petition would require authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) (procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). Absent such authorization, this court lacks subject matter jurisdiction to consider plaintiff's habeas claims. Under the circumstances presented in this case, the court finds it would not be in the interests of justice to transfer this matter to the Circuit Court

for such authorization. <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008).

## Notice and Show Cause Order to Plaintiff

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed without prejudice as stating no claim for relief.[2]  28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior filing fee obligation has been fully satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed without prejudice as stating no claim for relief.

---

[2]Plaintiff is advised that dismissal of the complaint as stating no claim for relief will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dismissal of the complaint pursuant to <u>Wilkinson</u> and <u>Heck</u> is without prejudice. <i>See</i> <u>Fottler v. United States</u>, 73 F.3d 1064, 1065 (10th Cir. 1996)(claims barred by <u>Heck</u> are to be dismissed without prejudice).  However, "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."  <u>Day v. Maynard</u>, 200 F.3d 665, 667 (10th Cir. 1999).

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED:  This 14th day of January 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge